**NOTE: CHANGES MADE BY THE COURT**

**POLSINELLI LLP**
SEPTEMBER REA (SBN 261121)
srea@polsinelli.com
ALEX POLISHUK (SBN 265349)
apolishuk@polsinelli.com
ROBERT J. HINGULA (*pro hac vice*)
rhingula@polsinelli.com
ARMIDA DERZAKARIAN (SBN 322608)
aderzakarian@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  (310) 556-1801
Attorneys for Defendant
SIEMENS INDUSTRY, INC.

Jonathan M. Lebe (SBN 284605)
Jon@lebelaw.com
Brielle D. Edborg (SBN 347579)
Brielle@lebelaw.com
Ryan C. Ely (SBN 349318)
Ryan@lebelaw.com
**LEBE LAW, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973
Attorneys for Plaintiffs
CHANIELLE ENOMOTO and
BRANDON JOHNSON and
on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANIELLE ENOMOTO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>Defendant. | **Case No. 8:22-cv-00334 DOC(KESx)**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[*Filed Concurrently with [Proposed] Order*]<br><br>Complaint Filed:   March 2, 2022<br>Trial:                    None Set |

1

93524752.1

*(left margin)* Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Plaintiffs Chanielle Enomoto and Brandon Johnson (collectively "Plaintiffs") and Defendant Siemens Industry, Inc. ("Defendant") enter into this Confidentiality Agreement and Consent Protective Order.

1.      Agreements.

a.      Plaintiffs and Defendants (collectively, the "Parties"), and non-parties will be exchanging documents and information solely because they are involved in the above-captioned litigation.

b.      The Parties agree that all information exchanged will be used only for purposes of this particular litigation and for no other purpose.

c.      The Parties also acknowledge that it is likely that they and non-parties will produce in this litigation information that is confidential or proprietary.

d.      Due to the nature of this case, this Protective Order is necessary to ensure proper and efficient conduct of this action and to protect the Parties' and non-parties' respective commercial interests in proprietary, marketing and commercial information.  Specifically, the Parties in this action will need to request and produce information that may contain proprietary/confidential information, commercial information, sensitive financial information, technical information, trade secrets, private health information or private personal information.

e.      The disclosure of this information will likely cause the producing Party, or non-parties from whom such information is sought, significant harm if this information is disclosed without the conditions and protections contained herein.

f.      The Parties agree that this Order shall apply to and govern the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, or summaries of documents ("Discovery Material") produced by any Party or non-party in this litigation.

STIPULATED PROTECTIVE ORDER

93524752.1

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

g.     The Parties and any non-parties may designate Information and Documents that as "Confidential Information" or "Highly Confidential Information," as defined below.  Any Party or non-party so designating is a "Designating Party."

2.     <u>Definitions.</u>

a.     "*Confidential*" or "*CONFIDENTIAL*" information is information that that the Designating Party in good faith reasonably believes will disclose confidential and nonpublic technical, commercial, financial, personal or business information that would provide others with an unfair competitive or improper advantage, including but not limited to trade secrets. Confidential Information also means an individual's private or personal information which, if disclosed, would violate the privacy rights of that individual.

b.     "*Highly Confidential – Attorneys' Eyes Only*" or "*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*" information is information that, if generally disclosed to the opposing Party, the Designating Party reasonably and in good faith believes constitutes would create a serious risk of competitive harm.

c.     *"Designating Party"* means the party producing or designating information as Confidential or Highly Confidential under this Stipulated Protective Order.

d.     *"Receiving Party"* means any party to whom Confidential or Highly Confidential information is produced.

e.     *"Outside Expert"* means an expert who is retained to assist counsel for the Parties in connection with this litigation.

3.     <u>Designation as "Confidential" or "Highly Confidential."</u>

a.     All Confidential or Highly Confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing on the face of each document and on each page or portion thereof one of the following two

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

STIPULATED PROTECTIVE ORDER
93524752.1

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

legends: "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (in either lower case or upper case letters) or by designating the material as Confidential or as Highly Confidential- Attorneys' Eyes Only in accompanying correspondence, emails, or similar transmissions.

b.      All Confidential or Highly Confidential Discovery Material in the form of software or digital material stored on an electronic storage device shall be designated by affixing either a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" legend on the device itself, by electronically stamping one of these legends on each page or portion thereof, or by designating the material as Confidential or as Highly Confidential – Attorneys' Eyes Only in accompanying correspondence, emails, or similar transmissions.

c.      Testimony given at a deposition or hearing, the resulting transcript, and its exhibits may be designated as Confidential or Highly Confidential within thirty (30) days after receipt of a copy of the transcript by advising the opposing Party and the stenographer in writing of the specific page and line numbers designated as Confidential or Highly Confidential.  Pages of transcribed testimony or exhibits designated as Confidential or Highly Confidential shall be separately bound by the stenographer.  All copies of deposition transcripts that contain information or material designated as Confidential Discovery Material shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the cover.

d.      In the event any Designating Party produces Confidential or Highly Confidential information that has not been correctly designated, the Designating Party may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information. The parties shall treat such information in accordance with this Stipulated Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation.

93524752.1

No proof of error, inadvertence, or excusable neglect shall be required for such redesignation.

        e.     A Designating Party who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all Parties.

4.    <u>Use and Disclosure of Confidential and Highly Confidential Information.</u>

        a.     Until or unless the Court rules otherwise, material marked or otherwise designated as Confidential and Highly Confidential shall be maintained in strict confidence by the Receiving Parties under the terms set forth below.

        b.     Confidential Information may only be disclosed to:

            i.     Officers, directors, employees or consultants of the Receiving Party as part of their assistance with preparing, prosecuting or trying the case, but only to the extent necessary to allow them to provide that assistance;

            ii.     Outside counsel for the respective Parties, including their clerical, litigation support and paralegal employees;

            iii.     Outside Experts;

            iv.     Any witness or his or her counsel in preparation for a deposition or otherwise testifying in any pre-trial proceeding, who shall be provided prior to or at the outset of the proceeding with a copy of the Stipulated Protective Order on record. In the instance of a deposition, the witness shall be bound by the provisions of the Stipulated Protective Order and shall be informed that the witness is bound by its terms.  The trial judge will determine how designated material may be used during trial. Neither a witness nor his or her counsel shall be permitted to retain a copy of Confidential materials unless otherwise permitted by the terms

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

STIPULATED PROTECTIVE ORDER

93524752.1

of this Stipulated Protective Order;

v.   The court reporter, stenographer or video recorder operator retained by any Party to record a deposition or court hearing;

vi.   Any outside copy services or litigation support services whose function necessitates access to material designated as Confidential or Highly Confidential under this Protective Order;

vii.   The Court, its personnel, officers, court stenographers, and any other person designated by the court in the interest of justice, upon such terms as the court may deem proper;

viii.   Any mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, *provided that*: (a) the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity; and

c.   Highly Confidential Information may only be disclosed to:

i.   Outside Counsel (see 4(b)(ii));

ii.   Outside Experts (see 4(b)(iii));

iii.   Court reporters, stenographers or video recorders (see 4(b)(v));

iv.   Any outside copy services or litigation support services (see 4(b)(vi));

v.   The Court, its personnel and those persons designated by the Court to view Highly Confidential Information (see 4(b)(vii));

vi.   Any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (see 4(b)(viii));

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

6

STIPULATED PROTECTIVE ORDER

93524752.1

vii.   The In-House Counsel of any party involved in management or oversight of the above styled action; and

viii.   Any person who, based on the face of the Highly Confidential document, as established through specific documentary or testimonial evidence or as agreed to by the Designating Party, authored or previously received a copy of said document.

ix.   The list of persons to whom Highly Confidential information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulated Protective Order.

d.   A Party may not disclose information designated by another Party as Confidential or Highly Confidential to persons allowed to view such materials under Sections 4(b)(i), (ii), (iii), (iv) & (ix) and Sections 4(c)(ii), (viii) & (ix) until that person has signed and agreed to the provisions set forth in Appendix A to this Order. Counsel for the Party providing such access shall be responsible for obtaining and maintaining the signed agreement.

e.   A Party may not disclose information designated by another Party as Confidential or Highly Confidential to any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (as described in §4(b)(viii) and § 4(c)(vi)) until that person has signed and agreed to the provisions set forth in Appendix A to this Order or the substantial equivalent thereof.  Counsel for the Party providing such access shall be responsible for obtaining and maintaining the signed agreement.

f.   Any Party may disclose its own Confidential or Highly Confidential information in any manner.

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

STIPULATED PROTECTIVE ORDER

93524752.1

g.      A Party who wishes to disclose information designated as Confidential or Highly Confidential by another Party to a person not authorized by this Order to receive it must first make a reasonable attempt to obtain the Designating Party's permission.  If the Party is unable to obtain permission, it may move the Court to obtain permission.

5.      No Waiver of Privileges.

If, during the course of this Civil Action, a Designating Party produces a document or any other piece of information that the Designating Party thereafter claims to be privileged or protected, the Designating Party may give notice to the Receiving Party in writing, and the Parties agree that the document or information will be returned to the Designating Party, and all copies, notes, quotations or summaries thereof will be destroyed within five (5) days.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated order submitted to the Court.

6.      Disputes over Designation(s).

a.      If a Party disputes a Designating Party's designation of Discovery Material as Confidential or Highly Confidential, the Party shall notify the Designating Party in writing of the basis for the dispute (the "Objection"), identifying the specific Discovery Materials and designations which are disputed and proposing a new designation for such Materials. The objecting Party and the Designating Party shall then meet and confer to attempt to resolve the Objection without involvement of the Court.

b.      If the Parties cannot resolve the Objection within fourteen (14) days of when the Objection was served on the Designating Party, the Parties will comply

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

STIPULATED PROTECTIVE ORDER
93524752.1

with Local Rule 37-1 or the informal discovery conference procedures on the Court's online Procedures & Schedules. The Designating Party bears the burden of proving that the Discovery Materials are properly designated as Confidential or Highly Confidential. The Discovery Materials shall remain subject to the Designating Party's Confidential or Highly Confidential designation until the Court rules on the dispute.

c.      If the Party challenging the designation of the Discovery Materials does not file a motion challenging the designation of the Discovery Materials, the designated Materials shall continue to be subject to Confidential or Highly Confidential treatment as provided in this Order.

d.      A Designating Party's designation of Discovery Materials as Confidential or Highly Confidential or a Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated, and it is not determinative of whether such Discovery Materials are entitled to be deemed as such.

7.      Use of Confidential Material in Pleadings or at Hearing.

a.      Filing Under Seal – If a party wished to file a document or certain information under seal with the Court, the Party must comply with Local Rule 79-5 in order to obtain leave of Court to make such a filing.

b.      When any Discovery Material designated as Confidential or Highly Confidential is filed with the court under seal, the filing Party shall the same day email a copy of all materials so filed to counsel of record for the opposing party.

c.      Discovery Materials designated as Confidential or Highly Confidential may be used in a filing before any special discovery master in accordance with the preferences of that special discovery master.

d.      Discovery Materials designated as Confidential or Highly Confidential may be offered into evidence at trial or hearing on preliminary injunction, however,

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

STIPULATED PROTECTIVE ORDER
93524752.1

the parties agree to jointly petition the Court to establish procedures to protect such Discovery Materials at trial or hearing before any such trial or hearing is begun.

8.      Reasonable Precautions and Storage.

Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any designated Discovery Material. If the Receiving Party learns of any improper disclosure of designated Discovery Material, the Party's counsel shall attempt to obtain all copies of the disclosed Material and shall inform the Designating Party promptly of the disclosure and the circumstances surrounding the disclosure, but no later than three (3) business days after discovery of such disclosure. Confidential and Highly Confidential Discovery Material subject to the terms of this Order shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Confidential Discovery Material will be unlikely to obtain access to it.

9.      Document Disposal.

Except as otherwise agreed in writing by the Parties, upon final termination of this action (including all appeals), the Designating Party may demand that the Receiving Parties destroy all Confidential or Highly Confidential information designated by the Designating Party within 60 (sixty) days of the demand. Counsel may retain one archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, deposition and trial exhibits, legal memoranda, correspondence, document productions, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential information. Any such archival copies that contain Confidential or Highly Confidential information shall remain subject to this Order.

10.     Provision of Legal Advice.

This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

STIPULATED PROTECTIVE ORDER
93524752.1

an evaluation in a general way of Confidential or Highly Confidential Discovery Material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any Confidential or Highly Confidential Discovery Material produced herein, which disclosure would be contrary to the terms of this Order.

11.    Joinder of Parties.

This Order shall be binding upon any party joined in the litigation if such Party agrees to be bound by this Order prior to the production of documents or receipt of designated materials.

12.    Survival of Obligations.

This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

13.    No Waiver.

Nothing in this Order prevents a Party from disclosing its own documents and information as it sees fit – however, once a Party publicly discloses its own documents or information, such documents and information cannot be considered Confidential or Highly Confidential.  Any use or discussion of Confidential or Highly Confidential Discovery Material shall not be deemed a waiver of the terms of this Order.

14.    Production of Information Pursuant to Process.

If Confidential or Highly Confidential Discovery Material in the possession, custody, or control of a Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or

STIPULATED PROTECTIVE ORDER

93524752.1

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall promptly give written notice of such process or discovery request together with a copy thereof, to counsel for the Designating Party so that the Designating Party has reasonable opportunity to challenge or oppose the request. The Designating Party may move against the subpoena or other process, or oppose entry of any order by a court of competent jurisdiction compelling production of the Confidential or Highly Confidential Discovery Material, or take any other lawful action to challenge or oppose the request. If the Designating Party objects or moves against the subpoena or other process, the Party receiving the subpoena or process shall not produce Confidential or Highly Confidential Discovery Material before the actual due date for compliance, and shall not object to or interfere with any effort by the Designating Party to seek a prompt judicial determination of the Designating Party's motion or objection before compliance is required. The obligations stated in this paragraph shall not apply if a law enforcement agency requests that a subpoena or other form of discovery request or compulsory process not be disclosed.

15.    Not an Admission.

Nothing contained herein shall preclude the Parties or a person from raising any available objection, or seeking any available protection with respect to any confidential Discovery Material, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

16.    Final Disposition

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether

STIPULATED PROTECTIVE ORDER

93524752.1

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

13
STIPULATED PROTECTIVE ORDER

93524752.1

work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

Dated:  February 22, 2024

**LEBE LAW. APLC**

By:  /s/ Jonathan M. Lebe
    Jonathan M. Lebe
    Brielle D. Edborg
    Ryan C. Ely

*Attornfeys for Plaintiffs*
Chanielle Enomoto and Brandon Johnson, individually and on behalf of all others similarly situated

Dated:  February 22, 2024

**POLSINELLI LLP**

By:  */s/ Alex Polishuk*
    September Rea
    Alex Polishuk
    Robert J. Hingula
    Armida Derzakarian

*Attorneys for Defendant*
SIEMENS INDUSTRY, INC.

IT IS SO ORDERED.

DATED: March 4, 2024

_____
Hon. Karen E. Scott
United States Magistrate Judge

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

14
STIPULATED PROTECTIVE ORDER

93524752.1

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I hereby affirm that:

1.      Select materials containing information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as defined in the Stipulated Protective Order (the "Order") may be provided to me in connection with this litigation.

2.      I have been given a copy of and have read the Order.

3.      I am familiar with the terms of the Order and I agree to comply with and to be bound by the terms thereof.

4.      I submit to the jurisdiction of this Court for enforcement of the Order.

5.      I agree not to use any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information disclosed to me pursuant to the Order except for any purpose other than to provide assistance or review of the above-captioned litigation or settlement thereof, and I agree not to disclose any such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information to persons other than those specifically authorized by said Order, without the express written consent of the Party who designated such information as being confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of said Order.

6.      I understand that I am to retain all documents or materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in his matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information are to be returned to counsel who provided me with such documents and materials.

Dated:_____          By:_____

Name:_____

Title:_____

Company:_____

1
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

93524752.1